[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10040
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00007-CR-OC-31GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCMON JOSEPH,
a.k.a. Luke Joseph,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 22, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Lucmon Joseph appeals his 24-month sentence for making a false statement in a loan application, in violation of 18 U.S.C. §§ 2 and 1014. On appeal, Joseph argues that the district court clearly erred in calculating the appropriate amount of loss because it failed to credit the fair market value of collateral property against the calculated amount of loss. Further, he asserts that the district court clearly erred in determining the fair market value of the property by disregarding its appraisal value in favor of the contract sale price. Upon review of the record and consideration of the parties' briefs, we discern no error.

We review for clear error a district court's loss calculation and de novo whether the district court misapplied the Sentencing Guidelines. United States v. McCrimmon, 362 F.3d 725, 728 (11th Cir. 2004). A defendant's failure to object to allegations of fact in a PSI admits those facts for sentencing purposes. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006). Further, a defendant's affirmative withdrawal of an objection to the PSI at sentencing waives the argument for purposes of appeal. United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008), cert. denied, 129 S.Ct. 2034 (2009).

For offenses involving fraud, the Guidelines provide for an increase in the defendant's offense level based on the amount of loss that resulted from the fraud.

2

U.S.S.G. § 2B1.1(b)(1). The offense level is increased by eight where the amount of loss is greater than $70,000, but not greater than $120,000. U.S.S.G. §§ 2B1.1(b)(1)(E)-(F). "When calculating loss for sentencing purposes, the district court looks to the greater of actual loss or intended loss." United States v. Willis, 560 F.3d 1246, 1250 (11th Cir. 2009). "Intended loss is the pecuniary harm that was intended to result from the offense and it includes intended pecuniary harm that would have been impossible or unlikely to occur." Id. (quotations and emphasis omitted). In a case involving collateral, the loss must be reduced by "the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing." U.S.S.G. § 2B1.1, comment. (n.3(E)(ii)). A district court's finding of loss under § 2B1.1 is entitled to "appropriate deference," and it may reasonably estimate that amount. Willis, 560 F.3d at 1251; United States v. Miller, 188 F.3d 1312, 1317 (11th Cir. 1999) (interpreting U.S.S.G. § 2F1.1, which was incorporated into § 2B1.1 by amendment).

Joseph waived his argument regarding the district court's methodology in determining the amount of loss by affirmatively withdrawing the argument before the district court. The district court explained that it calculated the intended loss

by subtracting the amount the bank would have loaned based on the contract sale price from the amount of the loan that Joseph attempted to obtain. In response to the district court's explanation, Joseph indicated that he did not dispute the district court's methodology in calculating the intended loss, but only the district court's use of the contract sale price instead of the price from the appraisal as the fair market value.

In determining the fair market value of the property, the contract sale price was a fair estimate of that value based on an arm's length transaction. Because Joseph failed to show that the bank would have financed a loan based on the value of the property presented in the appraisal rather than the contract sale price, the district court did not clearly err in determining the fair market value of the property. Because the contract sale price was an appropriate estimate of the fair market value of the property and Joseph waived any argument regarding the district court's methodology in calculating the amount of loss, the district court did not clearly err in determining the amount of loss under § 2B1.1(b)(1). Accordingly, we affirm.

**AFFIRMED.**